# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GARY CAUDILL, ET AL.,

    Plaintiffs,

v.                                               Case No. 06-12866

SEARS TRANSITION PAY PLAN, ET AL.,       Honorable Arthur J. Tarnow

    Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [359]

Now before the Court is Defendants' Motion for Reconsideration [359].

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

A party may not utilize a motion for reconsideration "to introduce new legal theories for the first time, to raise legal argumentation which could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion." *See Tkach v. Stonepath Logistics Services, et al.,* 2005 U.S. Dist. LEXIS 44354 at *2 (E.D. Mich. 2005).

Defendants motion is premised on two items they deem constitute "newly discovered evidence" that alter the outcome of this case.

First, Defendants submit with their brief a letter authored by the current plan administrator, Clara Hughes. Counsel for Defendants claim that in preparing for oral argument held on the dispositive motions on April 27, 2010, they noticed that Plaintiff Murphy's

administrative record contained errors. *See* Defendant's Motion at 1. Following the hearing, counsel brought this issue to the attention of the plan administrator. Ms. Hughes' letter, dated June 9, 2010, indicates that Defendants have now concluded that Plaintiff Murphy is entitled to benefits. According to the letter, Marcia Dalton, the plan administrator at the time of the denial of benefits in 2005, made a computation error in evaluating Murphy's appeal for benefits.[1] After reevaluating Murphy's claim, Defendants have now concluded that Murphy is entitled to benefits. Defendants contend that "[c]onsideration of this newly discovered evidence undercuts the conclusion [the Court reached in its May 27, 2010 order] that it was impossible to obtain benefits." *Id.* at 6.

Defendants' labeling of this evidence as "newly discovered" is a mischaracterization that this Court rejects. Plaintiff Murphy was first denied benefits in a letter dated March 16, 2005 and his appeal was denied in a letter dated July 22, 2005. Defendants have thus possessed the evidence regarding Murphy for over five years. The new plan administrator did not evaluate any evidence that was not previously presented to Dalton; thus, Defendants are offering nothing that is newly discovered or that could not have been discovered while the prior motions were pending.[2]

---

[1] The new plan administrator found that Dalton, in doing the office comparison (district level) analysis while evaluating Plaintiff's appeal, compared the earnings of the three high performers at SHIP for 2004 to Murphy's projected 2005 earnings, instead of his 2003 estimated earnings, which the new plan administrator now claims should have been used. *See* Defendants' Motion, Exhibit 1 at 2-3. The lead analysis (high earners model) done by Dalton also suffered from the same error. *Id*. The alternative methods for computing benefits were addressed in Footnote 24 of the Court's Opinion and Order Granting Plaintiffs' Motion for Summary Judgment [358].

[2] Moreover, this Court notes that since this case was filed over four years ago, Defendants have argued that the class was properly denied benefits. They filed their Motion for Judgment on the Administrative Record [333] on November 2, 2009 asking this Court to dismiss this lawsuit. Only after this Court denied that motion, granted Plaintiffs' Motion for Summary Judgment [71], and ordered Defendants to provide benefits to the entire class in its May 27, 2010

Furthermore, even if, for the sake of argument, the Court could consider this evidence, it does nothing to change the outcome of the case. The Court's prior ruling was that the under the rigged formula used by Defendants, no HVAC associate could receive benefits. The new plan administrator's June 9, 2010 letter affirms that under this formula, Murphy was ineligible for benefits. *See* Defendants' Motion, Exhibit 1 at 3 (New plan administrator states, "There nevertheless remains the fact that the initial comparative earnings analysis did support a conclusion that Mr. Murphy's earnings potential was within 10% of 2003 baseline earnings"). The new plan administrator only concludes that Murphy is entitled to benefits based on the results of the alternative methods used to evaluate benefits (the "lead analysis" and the "office comparison analysis"). Hughes states that she "believe[s] that had the correct date been relied upon in running the office comparison analysis and lead analysis upon appeal, the March 16, 2005 denial would have been reversed in [the] July 22, 2005 letter instead of upheld" even in light of Murphy's failure to qualify for benefits under the earnings analysis. *Id*., Exhibit 1 at 4. This of course is pure conjecture that is not based on any evidence. The plan administrator offers no grounds supporting her assertion. This Court is unwilling to simply assume that Dalton would have awarded benefits to Murphy if presented with Hughes' conclusions. Defendants' assertion that consideration of this evidence "undercuts the conclusion that it was impossible to obtain benefits" is baseless, and this Court rejects it.

Defendants also assert that based on their second item of "newly discovered evidence"—The deposition testimony of class member Christopher Bruce, which was taken in another

---

order [358] did Defendants conclude on June 9, 2010 that one class member was erroneously denied benefits. Defendants are now arguing that based on this new grant of benefits to one class member, this Court should vacate its prior decision, find that the rest of the class is not entitled to any benefits, and grant Defendants' Motion for Judgment on the Administrative Record [333].

3

lawsuit pending in the Eastern District, *Allen, et al. v. Sears, et al.*, No. 07-11706— this Court should reverse its May 27, 2010 order. Defendants claim that in his testimony, Bruce states that he followed a "form letter" in making his claim and appeal for benefits that was provided to him by his attorney. *See* Defendants' Motion at 3. According to Defendants, this demonstrates that the allegations all class members raised in their claim and appeal letters "were not based on the individual claimant's firsthand knowledge" and that had the Court known this, the outcome of the parties' dispositive motions would have been different. *Id*. at 3-5.

The deposition testimony Defendants cite in their brief indicates that it can be found in Exhibit 3 at pages 56-57 and 68-69. However, the Court has reviewed those pages and the quoted testimony Defendants cite is not located there, nor is it located in any of the other pages of testimony that Defendants attach or included with any other exhibit. This Court will not rely on quoted deposition testimony that has been inappropriately cited to and not presented to this Court for review. Defendants have not properly submitted this testimony as an exhibit.

Furthermore, even assuming arguendo that the quoted testimony as presented and described in Defendants' brief actually exists and does constitute "newly discovered evidence," it does nothing to alter the outcome of this case. If class member Bruce consulted with an attorney prior to submitting a claim, that does not, contrary to Defendants' assertions, mean that he lacked firsthand knowledge of anything, nor does it create an inference that all class members lacked firsthand knowledge regarding their claims. The Court therefore rejects Defendants' unfounded argument.

Accordingly, as Defendants have failed to demonstrate a palpable defect in the Court's order as required by Local Rule 7.1(h)(3), Defendants' Motion for Reconsideration is hereby **DENIED**.

**SO ORDERED**.

Dated: June 30, 2010                    s/ARTHUR J. TARNOW
                                        Senior United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 30, 2010, by electronic and/or ordinary mail.

                                        s/LaShawn R. Saulsberry
                                        Case Manager